NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT KENNY, | )<br>)<br>) |
| Plaintiff, | )<br>) Civil Action No. 08-3921 (GEB) |
| v. | )<br>) **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, STEVEN WALD, MARK TRYBA, and ANDRIA GREENIDGE, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**BROWN, Chief Judge**

This matter comes before the Court upon Plaintiff Robert Kenny's ("Plaintiff") Motion for Preliminary Injunction and Defendant the United States of America's ("Government"), Defendant Steven Wald's, Defendant Mark Tryba's, and Defendant Andria Greenidge's (collectively "Defendant IRS employees") Motion to Dismiss. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss and dismiss Plaintiff's Motion for a Preliminary Injunction as moot.

**I.      BACKGROUND**

Plaintiff filed the instant complaint (the "Complaint") on August 5, 2008. (Docket Entry No. 1.)  Plaintiff is an attorney who represents taxpayers before the Internal Revenue Service ("IRS").

1

(Id. at ¶ 3.) The instant suit alleges that the Defendants retaliated against Plaintiff after Plaintiff had filed previous complaints that implicated the Defendant IRS employees.

The Court will first recount Plaintiff's description of the other, underlying actions that Plaintiff took against the Defendants. Plaintiff had previously, on September 24, 2004, May 17, 2006, and October 24, 2007, filed formal complaints with the IRS against Defendant Wald, (the "previous complaints") in which Plaintiff alleged that Wald "deterred taxpayers from getting representation and interfered with representatives when the taxpayer hired one anyway." These previous complaints also implicated Defendant Tryba, who was Wald's supervisor, for ignoring the previous complaints and "failing to take corrective action." Plaintiff states that he filed the previous complaints with the Treasury Inspector General for Tax Administration ("TIGTA") and that the previous complaints were referred back "to the head of the IRS operating unit wherein the complaints arose - Ms. Andria Greenidge, Territory Manager." (Id. at ¶ 10.) Plaintiff further alleges that neither he nor any of the relevant taxpayers were interviewed during the investigation of the previous complaints. (Id. at ¶ 12.) Ultimately, Defendant Greenidge dismissed Plaintiff's previous complaints and recommended that Defendant "Wald file a Practitioner Misconduct Allegation against Plaintiff." (Id. at ¶ 13, 14.)

Such a Practitioner Misconduct Allegation was apparently filed, and the "investigation disclosed that . . . Plaintiff had filed tax returns late without filing for the appropriate extensions." (Id. at ¶ 16.) Plaintiff also states that he "received an allegation letter from the IRS Office of Professional Responsibility dated May 14, 2008" that "accuses him of (1) violating the revenue laws by wilfully failing to file a return . . . ; (2) giving false information . . . ; and (3) attempting to influence an IRS employee by use of false accusations." ("Professional Responsibility charges")

(Id. at ¶ 19.) Plaintiff states that he could face "disbarment from practice before the IRS and monetary penalties" as a result of these charges against him. (Id. at ¶ 20.)

The Court notes that the forgoing allegations and charges are not directly at issue in the present matter. However, Plaintiff has filed this suit because he alleges that the Professional Responsibility charges were brought against him in retaliation, and has filed a four count Complaint. Count One alleges retaliation, in violation of Section 1203 of the IRS Restructuring and Reform Act of 1998, 26 U.S.C. § 7804, note (b)(6). (Id. at 4.) Count Two seeks civil damages, pursuant to 26 U.S.C. § 7433. (Id. at 5.) Count Three alleges a violation of 26 U.S.C. § 7431 for unauthorized disclosure. (Id. at 5.) Finally, Count Four alleges a Bivens[1] action against Defendant IRS employees for violating Plaintiff's Constitutional rights to free speech and due process, and for common law defamation. (Id. at 6.)

On September 26, 2008, Plaintiff filed a motion for preliminary injunction. (Docket Entry No. 12.) The Government, on behalf of all defendants, filed its opposition to Plaintiff's motion on October 23, 2008. (Docket Entry No. 16.) Defendants thereafter, on November 3, 2008, filed a Motion to Dismiss. (Docket Entry No. 19.) Plaintiff filed an opposition to Defendants' motion on November 17, 2008. (Docket Entry No. 20.) Defendants filed their reply on November 24, 2008. (Docket Entry No. 21.) The Court's consideration of these motions follows.

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

## II.   DISCUSSION

### A.   MOTION TO DISMISS

#### 1.   Standards of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's "authority or competence to hear and decide the case before it." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004). In the absence of subject matter jurisdiction, this Court is without power to hear the case. Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999). The party asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990).

"There are two types of Rule 12(b)(1) motions, those which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading." Cohen, 45 F. Supp. 2d at 428 (citations and internal quotations omitted). Under a facial attack, the allegations of the complaint are taken as true. Id. In a motion attacking "the existence of subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations" in the complaint. Id.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the Complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the

grounds upon which it rests. Bell Atlantic Corp. v. Twomby, 127 S. Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A Complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to relief sought. Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042 (1994).

    **2.**    **Analysis**

        **a.**    **Count One**

Defendants argue in support of the motion that Count One of the Complaint should be dismissed for lack of jurisdiction because the named statute does not convey a private right of action. (Docket Entry No. 19-3 at 1.) In opposition, Plaintiff argues that Count One should not be dismissed because "the statute itself recites that if retaliation is determined pursuant to a 'final administrative or judicial determination' the sanctions of § 1203 are to be imposed." (Docket Entry No. 20 at 3.)

Further, Plaintiff argues that "a ruling that an aggrieved party cannot sue to obtain a judicial determination negates the language of the statute and again deprives Plaintiff of due process because it does not allow an independent determination of the facts." (Id.) Also in regard to Count One, Plaintiff argues that Defendants have not stated "why the cause of action against the individual defendants requires a waiver of Sovereign Immunity" and that "[t]he individuals are not yet represented and have not yet filed an answer." (Id.)

Plaintiff has asserted, in Count One of the Complaint, that the allegation against him "falsely accuse[] plaintiff of knowingly providing false information and was filed in retaliation against plaintiff for his complaints about violations of taxpayer's right to counsel" and Plaintiff states that such actions are in violation of Section 1203(b) of the IRS Restructuring and Reform Act of 1998, codified as a note to 26 U.S.C. § 7804, note (b)(6). (Docket Entry No. 1 at ¶ 24.)

Section 7804 of Title 26 of the United States Code, entitled "Other personnel," states in full:

(a) Appointment and supervision. Unless otherwise proscribed by the Secretary, the Commissioner of the Internal Revenue is authorized to employ such number of persons as the Commissioner deems proper for the administration and enforcement of the internal revenue laws, and the Commissioner shall issue all necessary directions, instructions, orders, and rules applicable to such persons.

(b) Posts of duty of employees in field service or traveling. Unless otherwise prescribed by the Secretary –

(1) Designation of post of duty. The Commissioner shall determine and designate the posts of duty of all such persons engaged in field work or traveling on official business outside of the District of Columbia.

(2) Detail of personnel from field service. The Commissioner may order any such person engaged in field work to duty in the District of Columbia, for such periods as the Commissioner may prescribe, and to any designated post of duty outside the District of Columbia upon the completion of such duty.

    (c)    Delinquent internal revenue officers and employees.  If any officer or employee of the Treasury Department acting in connection with the internal revenue laws fails to account for and pay over any amount of money or property collected or received by him in connection with the internal revenue laws, the Secretary shall issue notice and demand to such officer or employee for payment of the amount which he failed to account for and pay over, and, upon failure to pay the amount demanded within the time specified in such notice, the amount so demanded shall be deemed imposed upon such officer or employee and assessed upon the date of such notice and demand, and the provisions of [26 U.S.C. §§ 6301 et seq.] and all other provisions of law relating to the collection of assessed taxes shall be applicable in respect of such amount.

26 U.S.C. § 7804.  Plaintiff also refers to Section 1203 of Public Law 105-206.  Section 1203, entitled "Termination of Employment for Misconduct," states in full:

    (a)    In General. -- Subject to subsection (c), the Commissioner of Internal Revenue shall terminate the employment of any employee of the Internal Revenue Service if there is a final <u>administrative or judicial determination</u> that such employee committed any act or omission described under subsection (b) in the performance of the employee's official duties.  Such termination shall be a removal for cause on charges of misconduct.

    (b)    Acts or Omissions. -- The acts or omissions referred to under subsection (a) are --

        (1)    willful failure to obtain the required approval signatures on documents authorizing the seizure of a taxpayer's home, personal belongings, or business assets;

        (2)    providing a false statement under oath with respect to a material matter involving a taxpayer or taxpayer representative;

        (3)    with respect to a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service, the violation of --

            (A)    any right under the Constitution of the United States; or

            (B)    any civil right established under

                (I)    title VI or VII of the Civil Rights Act of 1964;

    (ii) title IX of the Education Amendments of 1972;

    (iii) the Age Discrimination in Employment Act of 1967;

    (iv) the Age Discrimination Act of 1975;

    (v) section 501 or 504 of the Rehabilitation Act of 1973; or

    (vi) title I of the Americans with Disabilities Act of 1990;

  (4) falsifying or destroying documents to conceal mistakes made by any employee with respect to a matter involving a taxpayer or taxpayer representative;

  (5) assault or battery on a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service, but only if there is a criminal conviction, or a final judgment by a court in a civil case, with respect to assault or battery;

  (6) <u>violations of the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service</u>;

  (7) willful misuse of the provisions of section 6103 of the Internal Revenue Code of 1986 for the purpose of concealing information from a congressional inquiry;

  (8) willful failure to file any return of tax required under the Internal Revenue Code of 1986 on or before the date prescribed therefor (including any extensions), unless such failure is due to reasonable cause and not to willful neglect;

  (9) willful understatement of Federal tax liability, unless such understatement is due to reasonable cause and not to willful neglect; and

  (10) threatening to audit a taxpayer for the purpose of extracting personal gain or benefit.

(c) Determination of Commissioner. --

> (1) In general. -- The Commissioner of Internal Revenue may take personal action other than termination for an act or omission under subsection (a).
>
> (2) Discretion. -- The exercise of authority under paragraph (1) shall be at the sole discretion of the Commissioner of Internal Revenue and may not be delegated to any other officer. The Commissioner of Internal Revenue, in his sole discretion, may establish a procedure which will be used to determine whether an individual should be referred to the Commissioner of Internal Revenue for a determination by the Commissioner under paragraph (1).
>
> (3) No appeal. -- Any determination of the Commissioner of Internal Revenue under this subsection may not be appealed in any administrative or judicial proceeding.
>
> (d) Definition. -- For purposes of the provisions described in clauses (I), (ii), and (iv) of subsection (b)(3)(B), references to a program or activity receiving Federal financial assistance or an education program or activity receiving Federal financial assistance shall include any program or activity conducted by the Internal Revenue Service for a taxpayer.

Internal Revenue Service Restructuring and Reform Act, Pub. L. No. 105-206, § 1203, 112 Stat. 685, 720-22 (1998) (hereinafter "Section 1203") (emphasis added). Section 1203 is part of the section of the Act entitled "Improvements in Personnel Flexibilities."

The Court concludes that the statutes to which Plaintiff cites to support a claim for retaliation do not provide a private right of action for retaliation under this provision. Section 1203 addresses the termination of an employee of the IRS, and the determination to terminate such an employee under subsection (b)(6) is made when the employee is found to have violated "the Internal Revenue Code of 1986, Department of Treasury regulations, or policies of the Internal Revenue Service (including the Internal Revenue Manual) for the purpose of retaliating against, or harassing, a taxpayer, taxpayer representative, or other employee of the Internal Revenue Service." Pub. L. No.

105-206, § 1203(b)(6). Section 1203(b)(6) functions in the greater context of the statute as a means to terminate an employee for the IRS for cause. The provision does not allow for a suit for retaliation in this Court. The statute simply uses the language "administrative or judicial determination" in a way that means that where either or applies, then that determination shall permit the Commissioner of Internal Revenue to terminate the employment of the employee for cause on charges of misconduct. See Pub. L. No. 105-206, § 1206(a). In sum, the Court is without jurisdiction because the statute does not provide a private cause of action. See, e.g., Engel v. Leeks, No. 02-2226, 2004 U.S. Dist. LEXIS 8063, at * 5-*6 (D. Kan. Mar. 31, 2004); Valladares v. IRS, No. 00-7041, 2001 U.S. Dist. LEXIS 7002, at *23-*24 (E.D. Cal. May 1, 2001). Therefore, although Plaintiff does not state the relief sought in respect to Count One, to the extent that Plaintiff wants this Court to direct the Commissioner of Internal Revenue to terminate Defendant IRS employees, the Court lacks jurisdiction under the stated provision. For these reasons, the Court dismisses without prejudice Count One of the Complaint as to all Defendants.

        **b.**       **Count Two**

Defendants also argue that Count Two of the Complaint should be dismissed because Plaintiff has failed to exhaust his administrative remedies and because 26 U.S.C. § 7433 does not apply in this situation because the alleged actions did not occur in the course of tax collection. (Id. at 2.) Plaintiff, in opposition, argues that "the OPR practice allegation relates to complaints about Collection Division employee conduct undisputedly occurring in the collection of taxes" and that Plaintiff should be excused from exhausting administrative remedies because those efforts would be futile. (Docket Entry No. 20 at 4.)

Section 7433 of Title 26 of the United States Code, entitled "Civil damages for certain unauthorized collection actions," provides that:

>   (a)     In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [26 U.S.C. § 7432], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
>   . . . .
>
>   (d)     Limitations.
>
>   > (1)     Requirement that administrative remedies be exhausted. A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

26 U.S.C. § 7433 (hereinafter "Section 7433").

The Court notes that Plaintiff does not contest that he has failed to exhaust his administrative remedies. However, Plaintiff cites Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir. 1992) for the proposition that "exhaustion of administrative remedies under I.R.C. § 7433 is not required when those remedies are inadequate to repair the damage." (Docket Entry No. 20 at 4.) The Third Circuit questioned that portion of the Fifth Circuit's opinion, however, in Venen v. United States, 38 F.3d 110, 102-03 (3d Cir. 1994), and stated that Section 7433 "require[s] a plaintiff to exhaust administrative remedies before filing a civil suit" and stating that the "[f]ailure to exhaust deprives the court of jurisdiction." Venen, 38 F.3d at 103 (citing Information Resources, 950 F.2d 1122).

Even if Information Resources was relevant to the instant matter, the court there differentiated between the futility exception to the exhaustion doctrine in instances where a judicially created doctrine applied versus situations where there is a statutory mandate for the exhaustion of administrative remedies. Information Resources, 950 F.2d at 1126 (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975); Power Plant Division, Brown & Root, Inc. v. Occupational Safety & Health Review Commission, 673 F.2d 111,115 (5th Cir. Unit B 1982)). The plaintiff in Venen also argued that he should be "excused from the exhaustion requirement because exhaustion would be futile."

Here, Plaintiff argues that the damage alleged is to his reputation and that it has been caused "by the proceedings in that Plaintiff must now acknowledge when asked in testimony or on any application that his right or ability to practice law has been questioned" and therefore, to reverse such damage, it will require the "equitable procedures beyond the powers of the administrative agency." (Docket Entry No. 20 at 5.) To the extent that Plaintiff states that he does not seek money damages but rather seeks equitable relief, the Court notes that Plaintiff has cited a statue that is "a waiver that allows a taxpayer to sue the United States" and necessarily permits an award of money damages. McCarty v. United States, 2002 U.S. Dist. LEXIS 24124, at *7 (D.N.J. Nov. 15, 2002). However, it is clear from the Complaint that Plaintiff does seek both compensatory and punitive damages, and therefore, the statute cited, 26 U.S.C. § 7433, may be applicable.

The statute expressly requires that a plaintiff first exhaust administrative remedies. Because Plaintiff has failed to do so, and because the Third Circuit has stated that this Court does not have jurisdiction unless and until the administrative remedies have been exhausted, see Venen, 38 F.3d at 103, and because the requirement of exhaustion is expressly required by the statute as a prerequisite for jurisdiction, this Court will grant without prejudice Defendants' Motion to Dismiss

in respect to Count Two as to all Defendants.

### c. Count Three

In respect to Count Three of the Complaint, Defendants argue that they should be dismissed because Plaintiff has not alleged the necessary facts to sustain a claim under 26 U.S.C. § 7431 in that Plaintiff "does not allege that the inspection was unauthorized or violated 26 U.S.C. § 6103." (Id.) Defendants state in their brief that Plaintiff has complained about inspections that actually are authorized under 26 U.S.C. § 6103(h)(1),[2] and that because it is an authorized inspection, Count Three must be dismissed. (Docket Entry No. 19-3 at 8 to 9.) Plaintiff counter-argues in his brief that should he be afforded the opportunity to discovery to help substantiate his claims regarding the negligence of the Defendant IRS employees, regarding whether the Defendant IRS employees "directly inspected Plaintiff's records . . . subsequent to the first misconduct complaint against the Revenue Officer," and regarding whether "Collection employees knew . . . their OPR practice allegation would result in investigation of Plaintiff's taxpayer records." (Docket Entry No. 20 at 5 to 6.)

Section 7431 of Title 26 of the United States Code authorizes "[c]ivil damages for

---

[2] Defendants cite 26 U.S.C. § 6103(h)(1), stating that the inspection of Plaintiff's tax returns was for the permitted purpose provided for in this subsection, which is entitled "Disclosure to certain Federal officers and employees for purposes of tax administration, and which states: "Department of the Treasury. Returns and return information shall, without written request, be open to inspection by or disclosure to officers and employees of the Department of the Treasury whose official duties require such inspection or disclosure for tax administration purposes." 26 U.S.C. § 6103(h)(1). The phrase "tax administration purposes" refers to "the administration, management, conduct, direction, and supervision of the execution and application of internal revenue laws . . . [and] includes assessment, collection, enforcement, [and] litigation." 26 U.S.C. § 6103(b)(4).

13

unauthorized inspection or disclosure of returns and return information" and provides that:

    (a)    In general.

           (1)    Inspection or disclosure by employee of the United States. If any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103 [26 U.S.C. § 6103], such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

        . . . .

    (b)    Exceptions. No liability shall arise under this section with respect to any inspection or disclosure --

           (1)    which results from a good faith, but erroneous, interpretation of section 6103, or

           (2)    which is requested by the taxpayer.

26 U.S.C. § 7431. Plaintiff alleges in the Complaint that "[b]ecause the investigation of Plaintiff's tax account was done for an improper purpose, the United States is liable for statutory damages" under this statute. (Docket Entry No. 1 at ¶ 28.)

The Court first notes that 26 U.S.C. § 7431 permits suit only against the United States, so to the extent that Count Three has been brought against Defendant IRS employees, Count Three is dismissed.

The Court also concludes that Plaintiff has failed to state with particularity the subsection of 26 U.S.C. § 6103 that has been allegedly violated. Plaintiff only makes the conclusory statement in the Complaint that "the investigation of Plaintiff's tax account was done for an improper purpose" but does not state under Count Three, the improper purpose. (Docket Entry No. 1 at ¶ 28.) Further, although the Court is generally compelled to construe a complaint liberally in matters involving pro

se litigants, this pro se Plaintiff is an attorney, and therefore, has substantial legal training and professional experience, undermining the rationale set forth by the Supreme Court in Haines v. Kerner, 404 U.S. 519 (1972). See, e.g., Allen v. Aytch, 535 F.2d 817, 821 n.21 (3d Cir. 1976) (stating that a third year law student that drafted a complaint had "substantial legal training" and even though was not a member of the state bar association, the complaint would not be construed liberally). Therefore, the Court will not so construe Plaintiff's Complaint to guess which of the Section 6103's subsections Plaintiff alleges was violated.

Because Plaintiff, in respect to Count Three of the Complaint, has not given fair notice to the United States in the Complaint of the allegations made, the provision of 26 U.S.C. § 6103 that has been allegedly violated, or the grounds upon which it is based, see Twombly, 127 S. Ct. at 1964-65, the Court will grant the Government's Motion to Dismiss Count Three without prejudice.

### d.     Count Four

Defendants argue that the Court should dismiss Count IV of the Complaint because Plaintiff has not properly asserted "facts supporting his claim that any of his constitutional rights were violated." (Docket No. 19-3 at 2.) Specifically, Defendants assert that Plaintiff "alleges that the OPR investigation was the result of retaliation, but that investigation is not a violation of any constitutional rights, including his claimed rights of free speech and due process" and that Plaintiff named the Defendant IRS employees in their official capacity but has failed to allege facts that would demonstrate that they knowingly violated a clearly established constitutional right. (Id. at 2 to 3.) Plaintiff, on the other hand, argues that Defendants' motion should be denied because the action filed against him had a "chilling effect" on his First Amendment right to free speech, and because "he has

not been afforded due process in the OPR Enforcement proceeding" as the allegation letter process was "conducted in secret and was based on the Revenue Officer's unsworn, uncorroborated and self serving statements," and because "[t]here is no opportunity to confront or cross-examine witnesses or the accuser." (Docket Entry No. 20 at 8.) The Complaint alleges that "[t]he actions of the three IRS employees filing the practitioner allegation were in bad faith and for an improper purpose thus exceeding their qualified immunity under Doe v. Groody, 361 F.3d 232 (3d Cir. 2004)." (Docket No. 1 at ¶ 30.)

The issue before the Court is whether a federal cause of action should be implied under Bivens to permit a plaintiff to sue an employee of the IRS for damages as a result of his allegation that in retaliation of Plaintiff's exercise of his constitutionally protected rights to free speech and due process, the IRS Office of Professional Responsibility filed an allegation letter against him accusing Plaintiff of the following: "(1) violating revenue laws by willfully failing to file a tax return, IRS Cir. 230, § 10.51(a)(6); (2) giving false information, IRS Cir. 230, § 10.51(a)(4); and (3) attempting to influence an IRS employee by use of false accusations, IRS Cir. 230, § 10.51(a)(9)." (Docket Entry No. 1 at ¶ 19.)

"In order to state a claim under Bivens, a claimant must show (1) a deprivations of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law." Kotey v. Perez-Soto, No. 07-3318, 2008 U.S. Dist. LEXIS 27173, *13 (D.N.J. Mar. 26, 2008) (citing Flagg Bro's, Inc. v. Brooks, 436 U.S. 149 (1978); Mahoney v. Nat'l Org. For Women, 681 F. Supp. 129, 132 (D. Conn. 1987)). This Court is not aware of any other court that has expressly addressed whether a Bivens claim for a retaliatory professional conduct allegation by is proper. Therefore, this matter is one of first impression. The

16

Court, to find that a Bivens remedy is available in this context, must find that "(1) Congress has not already provided an exclusive statutory remedy; (2) there are no 'special factors counseling hesitation in the absence of affirmative action by Congress' and (3) there is no explicit congressional declaration' that money damage not be awarded." Judicial Watch v. Rossotti, 317 F.3d at 410 (citing Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000)).  For the following reasons, the Court grants Defendants' Motion to Dismiss for failure to state a claim.

Other courts have addressed whether a plaintiff has stated a claim under Bivens against an IRS employee where it has been alleged that a "constitutional violation . . . occurred in connection with the assessment of a tax liability," Shreiber v. Mastrogiovanni, 214 F.3d 148, 149 (3d Cir. 2000), and whether a claim has been stated under Bivens where it has been alleged that a retaliatory audit has been conducted as a result of a plaintiff's exercise of a constitutionally protected right, see Judicial Watch v. Rossotti, 317 F.3d 401 (4th Cir. 2003).  See also Hudson Valley Black Press v. IRS, 409 F.3d 106 (2005); see also Western Center for Journalism v. Cederquist, 235 F.3d 1153 (9th Cir. 2000) (holding that the claim should be dismissed due to the failure to file the complaint within the statute of limitations and therefore not reaching the issue of whether a claim is properly stated under Bivens where an alleged retaliatory audit has been conducted); Hostar Marine Transp. Sys. v. United States, No. 05-10111, 2005 U.S. Dist. LEXIS 10938 (D. Mass. May 26, 2005) (stating in dicta that "had plaintiff properly pled an action against individual defendants for violations arising out of specific constitutional provisions, the actions would still be subject to dismissal" because "[c]ourts have been disinclined to created Bivens remedies in the internal revenue context in light of the remedial mechanisms for constitutional violations that Congress has already implemented in the area").

Courts have been reluctant to extend a Bivens right of action to new types of federal claims,

especially in the area of law involving the IRS and taxes. One court reasoned that it would not so extend Bivens "'to create a new substantive legal liability . . . because we are convinced that Congress is in a better position to decide whether or not the public interest would be served by creating it.'" Judicial Watch v. Rossotti, 317 F.3d at 413 (citing Schweiker v. Chilicky, 487 U.S. 412, 426-27 (1988) (declining to find a remedy pursuant to Bivens for claimants who allege that their Social Security benefits had been improperly terminated)). The same court observed:

> It would be difficult to conceive of a more comprehensive statutory scheme, or one that has received more intense scrutiny from Congress, than the Internal Revenue Code. In constructing this vast and exceedingly complex statutory apparatus, moreover, "Congress has given taxpayers all sorts of rights against an overzealous officialdom." Thus, the Code provides [claimants] with a number of ways to challenge actions of the IRS as well as those of individual agents.

Judicial Watch v. Rossotti, 317 F.3d at 410 (citing Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985); McMillan v. United States, 960 F.2d 187, 190 (1st Cir. 1991)). To this end, "[e]ven if 'Congress has provided a less than complete remedy for the wrong,' any decision to create a new judicial remedy must be 'exercised in the light of relevant policy determinations made by the Congress.'" Judicial Watch v. Rossotti, 317 F.3d at 413 (citing Bush v. Lucas, 462 U.S. 367, 373 (1983)). See also Chilicky, 487 U.S. at 425 (holding that "Congress had failed to provide for 'complete relief'" but had provided "meaningful safeguards or remedies").

The Third Circuit, in its reasoning in Shreiber, likewise observed that it had "previously affirmed, without precedential effect, at least three district court rulings which have explained that a Bivens remedy should not be inferred for allegations of unconstitutional actions by IRS agents." 214 F.3d at 149 n.1 (citing Barnard v. Pavlish, No. 97-0236, 1998 U.S. Dist. LEXIS 5599, (M.D. Pa. Mar. 30, 1998); Upper v. United States Gov't, No. 93-3596, 1994 U.S. Dist. LEXIS 11850 (D.N.J.

Aug. 11, 1994); Schiff v. Balas, No. 90-2007, 1991 U.S. Dist. LEXIS 14990 (W.D. Pa. Oct. 2, 1991); Lojeski v. Boandl, 788 F.2d 196, 198 (3d Cir. 1986)). In its holding, the Third Circuit strictly interpreted the statutory remedy found in 26 U.S.C. § 7433(a) and held that because Congress did not provide a remedy for constitutional violations occurring during the "assessment" of taxes and rather provided remedy for claims arising only during the "collection" of taxes, it "will not create a remedy where Congress has chosen not to." Shreiber, 214 F.3d at 153.

Although the Court acknowledges that the instant matter is different from the situation addressed by the Third Circuit in Shreiber in that Plaintiff alleges that his license to practice law is in jeopardy, this Court will nonetheless dismiss Plaintiff's Bivens cause of action for failure to state a claim. Congress has provided an extensive statutory scheme in this area, and the Court will not impose a judicially-created remedy where it does not otherwise exist in the statute. Based upon the submissions to this Court, the professional responsibility allegations against Plaintiff have yet to be determined, and Plaintiff may appeal any such determination in the ordinary course. See 31 C.F.R. § 10.50; 31 C.F.R. § 10.77.

For these reasons, the Court grants Defendant IRS employees' Motion to Dismiss Count Four of the Complaint.

### B. MOTION FOR A PRELIMINARY INJUNCTION

Given the Court's determination in respect to Defendants' Motion to Dismiss, the Court concludes that Plaintiff's Motion for Preliminary Injunction must be dismissed as moot.

**III.     CONCLUSION**

  For the foregoing reasons, the Court grants Defendants' Motion to Dismiss all counts of the Complaint, and thus dismisses as moot Plaintiff's Motion for Preliminary Injunction. An appropriate form of Order accompanies this Opinion.


Dated: February 4, 2009

                   s/ Garrett E. Brown, Jr.
                   GARRETT E. BROWN, JR., U.S.D.J.